UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWANNA SHARIE DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:20-cv-00717-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 20). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

Plaintiff argues that "[t]he ALJ erred by failing to provide a clear and convincing reason supported by substantial evidence to disregard Plaintiff's pain testimony." (ECF No. 20, p. 26). Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

1

**I.    ANALYSIS**

Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons for discounting Plaintiff's allegations of pain. The Ninth Circuit has provided the following guidance regarding a plaintiff's subjective complaints:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

As an initial matter, the ALJ concluded that Plaintiff's "medically determinable impairments significantly limit the ability to perform basic work activities." (A.R. 18). And because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

Here, the ALJ summarized as follows the Plaintiff's subjective complaints of pain and the reasons for discounting them:

> At her hearing, the claimant testified she lived with her parents and 14-year-old daughter in a single story residence with no pets. She was unable to help with household chores and activities, and spent the day in bed and getting up and walking around, and sitting down to ease the pain. She testified she alternated sitting and lying down throughout the day. She could walk a quarter mile, and sit for two minutes at a time. She took medications and used ice and heat throughout the day. She denied side effects from the medications. She used her phone with her left hand, but she is right handed. She can use her phone for five minutes at the most. With her right hand, she cannot do anything because of pain and numbness in two fingers and her thumb.
>
> The claimant testified that she avoided going out around people. Groups of four or five people bother her. The last time she went out was the week prior to the grocery store with her sister. She testified that she fishes about once per year as a

hobby. She deals with depression and anxiety by staying to herself. She testified that she has shooting pain from her neck to her finger. Dr. Ky helps her with that. She testified she could use the left hand for five minutes because she cannot sit still long enough and had to get up and move around. Resting and laying down totals about six hours in a 12-hour period. She elevates her feet and has a mattress that elevates her feet and head, and she uses a body pillow. She cannot bend to pick stuff up because it hurts her neck. She can kneel but it is painful. She can climb stairs, taking breaks, but it is painful. She cannot walk on gravel because she cannot keep her balance. The cold weather increased her pain in general throughout her whole body. She cannot reach overhead because it pulls on her neck. She cannot move her head from side to side because of pain, and she cannot flex and extend her head. She can look at a monitor for five to ten minutes before needing to get up and move around for 15 minutes. She has been prescribed a back brace by Dr. Ky that she is supposed to wear daily. It covers her pelvic area and the middle of her back. She wears it about six hours per day. She was issued a handicap placard because she is unable to walk long distances. She testified she could not remember the last time she drove a car. She does not drive because of her back and neck. When she goes to the grocery store she rides in a cart, and she goes in the middle of the night when there are not too many people. She has had to leave the grocery store because of too many people.

The claimant testified that she has panic attacks that last until she gets herself out of the situation, usually 30 minutes to an hour. She sometimes gets panic attacks at home about four times per month. Being around people is the only thing that triggers panic attacks. She last had a panic attack the prior Monday when family was at her house and she felt anxious and crowded. She experiences anxiety throughout the day. The medication helps, but does not take it away. She testified that she does not have an appetite, and has lost weight. She does not have any friends because she shut herself off from them. She does not talk to them by phone. When she is on her phone, she just looks at stuff, which she can do for five minutes before needing to take a break. She has days that she cannot get out of bed because of body pain and anxiety. She does not dress or bathe, or use the phone or watch television on those days. She has been taking morphine twice per day and it eases the pain, but does not take it away. Physical therapy has not been recommended, but she has had epidural injections that help for two or three hours. She has numbness and tingling in her fingers, and sometimes her leg goes numb. It lasts about five minutes. She testified that she had a cardiac catheterization in which they found small blockages. She has symptoms of dizziness and shortness of breath off and on throughout the day.

. . . .

As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are not supported by objective evidence in the record. The claimant's back and shoulder pain management procedures have been based on the claimant's pain and inflexibility in response to minimal provocative testing by Mr. Catone. Straight leg raising tests have not been done. Furthermore, the claimant repeatedly reported satisfactory pain reduction after the procedures. I

> note that the claimant's treating pain management providers, Dr. Ky and Mr. Catone, did not fill out documentation for the claimant to get a DVM placard as the claimant sought the placard from her primary care providers.
>
> In September 2017, the claimant reported needing a cane to walk, although she stated she forgot it at home (Exhibit Bl2F, pp. 41-42). There is no evidence in the record that she was prescribed a cane by any provider, in fact there are multiple instances where she was instructed to exercise three to five times per week (Exhibits B5f; Bl5F).
>
> Furthermore, the claimant had psychiatric consultations for medication management of depression, but she did not engage in any individual therapy, despite being to Fresno County Mental Health services for therapy (Exhibits B9F; Bl6F).

(A.R. 22, 30).

The ALJ's reason that Plaintiff reported "satisfactory pain reduction after the procedures" is supported by the record. (A.R. 30; *see e.g.* A.R. 27, citing Exhibit B13F, p. 124; (A.R. 970 – medical record noting that "patient reports moderate pain relief"); A.R. 27-28, citing Exhibit B13F, pp. 118-121; (A.R. 946 - medical record noting that "patient reports significant pain relief"); A.R. 28, citing Exhibit B13F, p. 67; (A.R. 894 – medical record noting that "patient reports moderate pain relief lasting still ongoing")). This record evidence contradicts Plaintiff's description of her pain, discussed above. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (noting that inconsistencies between claimant's testimony and medical evidence was a proper ground to discredit testimony).

Moreover, the ALJ was correct to point out that Plaintiff's report of needing a cane, despite not being prescribed one, was not consistent with multiple instances in the record where Plaintiff "was instructed to exercise three to five times per week." (A.R. 30, citing Exhibits B5F; (*see* A.R. 504 – noting that plaintiff was "[c]ounseled on exercise: 3-5 times per week"); B12F, pp. 41-42 (A.R. 775-76 – noting that plaintiff stated that "she needs cane to walk, but forgot at home today"); B15F (A.R. 1017) – noting that Plaintiff was "[c]ounseled on exercise: 3-5 times per week")).

Similarly, the pain management providers' failure to fill out documentation for Plaintiff to obtain a DVM placard, with Plaintiff instead seeking the placard from her primary care providers,

further undermines her testimony. (A.R. 30). Notably, it was reasonable for the ALJ to question why Plaintiff did not seek the placard from the medical providers most acquainted with her pain symptoms and instead sought the placard from her primary care providers. Moreover, while Plaintiff correctly points out that Plaintiff eventually received a placard from her primary medical provider, Dr. Sheena Edmonds (ECF No. 23, p. 7 n.1; *see* A.R. 753), the ALJ acknowledged as much (A.R. 28), and it was reasonable for the ALJ to give less weight to Plaintiff's testimony because Dr. Sheena Edmonds did not initially issue the placard but rather suggested that Plaintiff should increase her activity level (A.R. 27, citing Exhibit B12F, pp. 78-80; (A.R. 814 – noting that Dr. Sheena Edmonds "would need to review records before signing DMV form" and that "it is better to keep walking, so having to park a little ways from the store is not a bad thing to keep muscles/joints limber") and because another doctor, Shania Flagg, declined to fill out disability paperwork as there was no supportive documentation for the DMV placard at that time (A.R., citing Exhibit B12F, pp. 21-22; (A.R. 756 – noting that Dr. Shania Flagg would "not complete paperwork at this time [for DMV placard] given no supportive documentation").

After considering the reasons given and the record supporting those reasons, the Court finds that the ALJ provided clear and convincing reasons supported by substantial evidence for the weight given to Plaintiff's subjective symptom testimony.

## II.  CONCLUSION AND ORDER

Thus, the decision of the Commissioner of Social Security is hereby affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 8, 2021**                             /s/ *Erica P. Grosjean*
                                                                        UNITED STATES MAGISTRATE JUDGE